**Petition of Gail Sunday, James Sunday and Glenn Gubich, Garnishees.**

Supreme Court of Pennsylvania.

Oct. 6, 2004.

#### *ORDER*

PER CURIAM.

AND NOW, this 6th day of October, 2004, the Petition for Allowance of Appeal is hereby granted, limited to the following issues:

Whether the Superior Court's decision on an issue of first impression has the disastrous consequence of exposing estate beneficiaries to indefinite liability as a result of its conclusion that the statute of limitations on a claim under section 374 of the Restatement (Second) of Contracts begins to run *"only when* the value of performance exceeds the loss caused by the breach"?

Whether the Superior Court radically departed from the long-standing rule that summary judgment motions should be granted only in clear cases when it assumed material facts not of record, and based on those assumptions, granted restitution to Respondent in the amount of $121,178.15?

Whether the Superior Court departed from its own precedent in *Brown v. Candelora,* 708 A.2d 104 (Pa.Super.1998), by concluding that the amount of restitution was subject to garnishment when it failed to consider the fair rental value of the judgment debtor's decade-long possession of a valuable commercial property?

We also request the parties to brief the following issue:

Whether Pennsylvania should permit a breaching party to bring a restitution claim pursuant to section 374 of the Second Restatement of Contracts?

■

### John GALLAGHER, Respondent

v.

### PENNSYLVANIA LIQUOR CONTROL BOARD, World Transportation, Inc., Envoy Warehouse, Inc. and Trans Freight Systems, Inc.,

**Petition of Trans Freight Systems, Inc.**

Supreme Court of Pennsylvania.

Oct. 6, 2004.

## *ORDER*

PER CURIAM.

**AND NOW,** this 6th day of October, 2004, the Petition for Allowance of Appeal is hereby granted, limited to the following issue:

> Applying the standards for appellate review set forth in *Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116 (2000), and considering the scope of a trial court's discretion under the Pennsylvania Rules of Evidence, did the Superior Court err in reversing the trial court's denial of Gallagher's motion for a new trial based on its conclusion that the collateral source rule had been violated and without consideration of actual prejudice, when the evidence of payments from a collateral source was relevant to the jury's determination as to which of two defendants was Gallagher's employer and the trial court gave a cautionary instruction to the jury that the evidence should be used only for that limited purpose.